311 F. Supp. 1342



JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
**FILED**

MAR 3 1 1970

THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

PATRICIA D. HOWARD
CLERK OF THE PANEL

MULTIDISTRICT PATENT LITIGATION    )
INVOLVING THE KAEHNI PATENT        )    DOCKET NO. 36

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON*, WILLIAM H. BECKER, JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

The nine actions involved in this multidistrict litigation were brought by Frank J. Kaehni and Marie Kaehni and each charge the infringement of United States Patent No. 2,463,280. Like many of the defendants, we were unable to tell from the complaints exactly how the patent was allegedly being infringed but since there were common plaintiffs and a single patent involved in all nine actions, it appeared that there was at least a high probability that common questions of fact were involved in all nine actions. For these reasons, the Panel, on its own initiative, issued an order to show cause why these actions should not be

---

* Although Judge Robson did not attend the hearing he has, with the consent of all parties, participated in this decision.

transferred to a single district for coordinated or consolidated pretrial proceedings. A plenary hearing was held in New York City on February 27, 1970.

The responses to our show cause order unfortunately did not fully clarify the situation but it seems clear that this is rather typical multidistrict patent litigation in that the plaintiffs have brought their actions against manufacturers, wholesalers, and retailers of the alleged infringing device. Here there is a single manufacturer (The Diffraction Company, Inc.), two wholesalers or jobbers (Jeri, Inc. and Jewelarama, Inc.) and six retailers.

Like the Butterfield Patent Cases, _____ F. Supp. _____ (JPML, February 2, 1970), questions relating to the scope of the patent and its validity are clearly common to all actions. However as there is but a single manufacturer of the alleged infringing device, questions relating to infringement are also common to all actions. Although not as large as the Butterfield Patent Litigation, *supra*, these nine actions meet the standards for transfer of multidistrict litigation especially since each one involves substantially identical questions of fact.

In the event of transfer, the parties suggest one of two districts as the most appropriate transferee court: the Northern District of Ohio and the District of Maryland. While it is true that there are more actions pending in the Northern District of Ohio, they are all brought against retailers while the three

actions in Maryland are brought against the manufacturer and the two wholesalers/jobbers. In addition, it appears that pretrial proceedings are somewhat more advanced in that district. Under these circumstances, the District of Maryland is the most appropriate district for transfer of these related actions under section 1407.

IT IS THEREFORE ORDERED that the actions on the attached Schedule A pending in the Northern District of Ohio and the District of New Jersey are hereby transferred to the District of Maryland under 28 U.S.C. §1407 and with the consent of that court[1]/, they are hereby assigned to the Honorable Edward S. Northrop for coordinated or consolidated pretrial proceedings with the actions already pending in that court

A motion to dismiss, filed by the S. S. Kresge Company, the defendant in an action pending in the Northern District of Ohio, is presently pending before that court. Transfer of that action to the District of Maryland will be stayed; if the motion is granted, there of course will be no transfer but if the motion is denied, the stay will be immediately lifted and the action transferred to the District of Maryland.

---

[1]/ A written consent executed by Chief Judge Roszel C. Thomsen has been filed with the Clerk of the Panel.

DOCKET NO. 36  SCHEDULE A

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Frank J. Kaehni & Marie Kaehni v. Edmund Scientific Co. & Norman W. Edmund | Civil Action No. 473-69 |

## DISTRICT OF MARYLAND

| | |
|---|---|
| Frank J. Kaehni & Marie Kaehni v. Jewelarama, Inc. | Civil Action No. 20691 |
| Frank J. Kaehni & Marie Kaehni v. Jeri, Inc. | Civil Action No. 20692 |
| Frank J. Kaehni & Marie Kaehni v. Diffraction Company | Civil Action No. 20693 |

## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Frank J. Kaehni & Marie Kaehni v. The May Company | Civil Action No. C69 570 |
| Frank J. Kaehni & Marie Kaehni v. W. T. Grant Company | Civil Action No. C 69 571 |
| Frank J. Kaehni & Marie Kaehni v. The Higbee Company | Civil Action No. C69 572 |
| Frank J. Kaehni & Marie Kaehni v. S. S. Kresge Company | Civil Action No. C69 573 |
| Frank J. Kaehni & Marie Kaehni v. F. W. Woolworth Company | Civil Action No. C69 574 |

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
**FILED**

APR 1 0 1970

PATRICIA D. HOWARD,
CLERK OF THE PANEL

THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION



MULTIDISTRICT PATENT LITIGATION )
INVOLVING THE KAEHNI PATENT )   DOCKET NO. 36

CONCURRING OPINION

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

WEIGEL, J., Concurring

In contrast to the Butterfield Patent Litigation, in which I would have denied transfer, \_\_\_\_ F. Supp. \_\_\_\_ (JPML, February 2, 1970) (dissenting opinion), there is here but a single device which is alleged to infringe the patent and the liability of all the defendants turns on the determination as to that device. Therefore, the important questions in this case are, in fact, common to all the parties and convenience, justice, and efficiency will be served by transfer under Section 1407.